THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SVEIN TORVIK,

Plaintiff,

v.

THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, et al.,

Defendants.

NO. 09-886RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on Defendant's motion for summary judgment (Dkt. # 8). Neither party requested oral argument, and the court finds the motion suitable for disposition on the basis of the parties' briefing and supporting evidence. For the reasons explained below, the court GRANTS the motion (Dkt. # 8).

## II. BACKGROUND

Plaintiff Svein Torvik brought this action against two Defendants: American International Group, Inc. ("AIG"), and the Insurance Company of the State of Pennsylvania ("ISOP"). In his complaint, Mr. Torvik alleges:

> Defendant AIG is, and was at all times material hereto, a foreign company conducting the business of insurance in the state of Washington through its wholly owned subsidiary defendant [ISOP].

ORDER - 1

> (Defendant [ISOP] and Defendant AIG are hereafter collectively referred
> to as "Defendants.")

Complaint (Dkt. #4) ¶ 2.2. According to Mr. Torvik, the Defendants issued an insurance policy to him and are liable (1) under the policy for the negligence of an underinsured driver, (2) for breaching the duty of good faith and fair dealing owed to Mr. Torvik, (3) for breach of the contract embodied by the policy, and (4) for violating specific administrative codes when adjusting Mr. Torvik's underinsured motorist claim.

It is undisputed that ISOP (not AIG) issued the policy that is the subject of this lawsuit. AIG contends that it is not a proper party to this lawsuit because it did not issue the insurance policy that is the subject of the suit, did not adjust or handle the claim that is the subject of the suit, and has no other relationship with Mr. Torvik or his claim properly raised against ISOP.[1] AIG's motion also argues that Mr. Torvik's service on AIG via the Washington State Insurance Commissioner is invalid because AIG is not an insurer. Though issues of personal jurisdiction are typically resolved before considering the merits, because resolving the service issue requires the court to determine whether AIG is an insurer or claims adjuster (and therefore a proper party to this lawsuit), the court considers AIG's substantive arguments first.

### III.    ANALYSIS

**A.    Legal Standards.**

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine

---

[1] It is undisputed that Mr. Torvik's claims are based on direct actions of the Defendant(s) taken in adjusting Mr. Torvik's claim, and do not rely on any contentions regarding the piercing of a corporate veil. *See* Pltf.'s Opp'n (Dkt. # 11) at 7. The parties dispute whether AIG took any direct action related to handling Mr. Torvik's claim.

ORDER - 2

issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets that initial burden, the opposing party must then set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

### B. The Plaintiff Failed to Present Evidence That AIG Handled Plaintiff's Insurance Claim.

AIG contends that it is not a proper party to this lawsuit because it is not an insurer and did not adjust Mr. Torvik's claim. To support that assertion, AIG has submitted two declarations, one from AIG's counsel in this matter (Stephen Skinner) and one from AIG's associate general counsel (Timothy Greensfelder). Mr. Greensfelder states that AIG is a "holding company," and that, as such, it "is not an insurance company and does not write or issue insurance policies. Nor does [AIG] adjust claims under insurance policies or provide claims services to companies issuing such policies." Greensfelder Decl. (Dkt. # 9) ¶¶ 4-5. According to AIG, this evidence establishes that AIG is not a proper party to this lawsuit, because the actions that form the basis of this lawsuit were taken by ISOP and not AIG.

In an attempt to contradict AIG's evidence, Mr. Torvik's Opposition relied primarily on counsel's descriptions of the actions of an alleged AIG representative Veronica Mocibob at a mediation regarding Mr. Torvik's claim. According to Mr. Torvik's counsel, he was informed by others that Ms. Mocibob was an AIG claim adjuster and that she was participating in the mediation as a representative of AIG. Counsel later traced Ms. Mocibob's phone number to a Manhattan location, which Mr. Torvik claims is in the same vicinity as AIG offices. Mr. Torvik contended that the court should infer from the fact that Ms. Mocibob was referred to as an AIG representative at the mediation, and because Ms. Mocibob's phone number was from

the same neighborhood as AIG offices, that AIG did in fact handle his claim and thus may be sued based on that direct action.

In its Reply, AIG argued that this speculative evidence is "wholly inadequate," particularly in the face of AIG's associate general counsel's statements that AIG does not adjust claims. *See* Def.'s Reply (Dkt. # 15) at 4. The court agreed that, based on the evidence before the court at that time, Mr. Torvik had failed to present any evidence beyond speculation that AIG had directly handled his claim. The court provided Mr. Torvik additional time to submit supplemental evidence of AIG's direct involvement, in the event that Mr. Torvik had discovered new information while the summary judgment motion had been pending. *See* Order (Dkt. # 16). Mr. Torvik did not produce any such evidence or respond in any form. Thus, because Mr. Torvik has not presented any evidence beyond speculation to support his assertion that AIG took any direct action in the handling of his insurance claim, the court concludes that Mr. Torvik's claims against AIG must be dismissed.[2]

## IV. CONCLUSION

For the reasons explained above, the court GRANTS AIG's motion (Dkt. # 8).

DATED this 11th day of January, 2010.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

---

[2] In light of this conclusion, the court need not reach the service of process issue. The court notes that AIG did not file a motion to dismiss for insufficient service under Fed. R. Civ. P. 12, and that insufficient process is a waivable defense. In the court's view, AIG addressed service as part of its broader argument that Mr. Torvik mistakenly considered AIG an insurer. As explained above, the court agrees with AIG's broader argument.

ORDER - 4